IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BARDO QUINTANA,**

    **Plaintiff,**

**v.**                                                             **No. CIV 12-443 LFG/ACT**

**BOARD OF COUNTY COMMISSIONERS**
**OF BERNALILLO COUNTY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's partial Motion to Dismiss, filed May 2, 2012. [Doc. 6.] Plaintiff Bardo Quintana ("Quintana") did not request an extension of time to file a response, and the time for doing so has expired. Thus, the motion to dismiss is fully briefed and ready for resolution. [Doc. 7.] After careful consideration of the pertinent law and motion, the Court grants the partial motion to dismiss.

### Background

On April 20, 2012, Quintana filed a Complaint for Personal Injury in State District Court (Second Judicial District Court, County of Bernalillo) ("complaint"). [Doc. 1-3.] Quintana's complaint states that it relates to the "actions and inactions of the Bernalillo County Sheriff's Department," a law enforcement agency within Bernalillo County. [Doc. 1-3, ¶ 2.]

Quintana alleges that the cause of action arises from his wrongful arrest on July 18, 2011, when he was arrested for driving with a revoked license. Quintana contends he spent about 21 days in jail as a result of the wrongful arrest. On August 25, 2011, a Metropolitan Court Judge dismissed

all charges against Quintana. [Doc. 1-3, ¶¶ 3-5.] Quintana's complaint sets out seven counts: (1) false arrest and imprisonment; (2) libel, slander and defamation of character; (3) intentional infliction of emotional distress; (4) negligence; (5) *res ipsa loquitur*; (6) vicarious liability; and (7) punitive damages). [Doc. 1-3, complaint.]

On April 26, 2012, the Board of County Commissioners of Bernalillo County ("Board" or "Defendant") removed the case from state court to federal court. [Doc. 1.] In lieu of answering the complaint, Defendant filed a partial motion to dismiss, asserting that Count III (intentional infliction of emotional distress) and Count V (*res ipsa loquitur)* should be dismissed, with prejudice, for failure to state a claim. [Doc. 6.] As noted above, Quintana did not respond to the motion to dismiss.

## Analysis

I.     **FAILURE TO TIMELY RESPOND TO MOTION TO DISMISS**

The Court could grant the partial motion to dismiss based solely on Quintana's failure to respond to the motion. This District's local rules provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Thus, the Court concludes that Quintana's failure to respond constitutes consent to grant the partial motion to dismiss Counts III and IV. However, in addition, the Court examines the merits of the partial motion to dismiss and concludes Quintana failed to state a claim upon which relief can be granted against Defendant with respect to alleged intentional inflection of emotional distress and *res ipsa loquitur*.

**II.     DISMISSAL OF COUNTS III AND V**

     A.     <u>Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (*citing* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 569-70 (2007)). Quintana's factual allegations in the complaint against Defendant "must be enough to raise a right to relief above the speculative level." *See* <u>Christy Sports, LLC v. Deer Valley Resort Co.</u>, 555 F.3d 1188, 1191 (10th Cir. 2009). With respect to the Rule 12(b)(6) motion, plausibility means that Quintana must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679.

Quintana's complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted) (emphasis in original).

B.     Count III – Intentional Infliction of Emotional Distress

Governmental entities and public employees acting within the scope of their duties are exempt from liability for torts unless the New Mexico Tort Claims Act ("NMTCA") expressly waives liability. Reed v. State of New Mexico, CIV 98-128 LFG (D.N.M. Aug. 27, 1998) [Doc. 45] (unpublished). The NMTCA specifically identifies those torts for which there is a waiver of the state's immunity. The tort of intentional infliction of emotional distress is not included in the list of torts for which immunity is waived. *See* NMSA §§ 41-4-5 to 41-4-25 (immunities and exceptions from immunity).

The NMTCA defines a "governmental entity" as "the state or any local public body," which the Act in turn defines as "political subdivisions of the state" and the State or state agency, or any of its branches, agencies, departments, boards, . . ." and "their agencies, instrumentalities and institutions . . . ." § 41–4–3(B),(C), and (H) NMSA 1978 (2011 Cum. Supp.). Defendant Board is a political subdivision, and as such, may be sued in tort only if the State waived immunity from suit under the NMTCA. NMSA 1978 § 41-4-1, *et seq.* Under the NMTCA, a governmental entity is granted immunity from liability, "for any tort except as waived by §§ 41-4-5 through 41-4-12 NMSA 1978." NMSA § 40-4-4(A).

The NMTCA does not waive a governmental entity's immunity for the tort of intentional infliction of emotional distress. *See* Romero v. Otero, 678 F. Supp. 1535, 1540 (D.N.M. 1987) (finding that Tort Claims Act dud not waive the immunity of law enforcement officers for intentional infliction of emotional distress cause of action). Moreover, this District recently observed that "[t]he Supreme Court of New Mexico . . . held that the Legislature has not waived immunity for claims of intentional infliction of emotional distress." Lovelace v. County of Lincoln, 2011 WL 2731179, *9 (D.N.M. June 30, 2011) (unpublished) (*citing* Garcia–Montoya v. State

4

Treasurer's Office, 130 N.M. 25, 43 (2001)) (upholding dismissal of intentional infliction of emotional distress claim, because immunity is not waived under NMTCA).  *See also* Hernandez ex rel. Estate of Medrano v. Frias, 2011 WL 1127882, *24 (D.N.M. Mar. 15, 2011) (unpublished) (same); Silva v. Town of Springer, New Mexico, 121 N.M. 428, 435 (Ct. App.), *cert. denied* (1996) (same).

In Botello v. Las Vegas Medical Center, CIV 91-818 JC/LFG, the district court dismissed the plaintiffs' intentional infliction of emotional distress claim which was brought against governmental entities because "[t]he claim[] [was] based upon [an] intentional tort[] for which the New Mexico Tort Claims Act does not generally waive sovereign immunity."  The Court found that there had to be an express waiver of immunity.  In the absence of a waiver, no cause of action existed against a governmental entity or public employee for acts committed in the scope of their duties.  Indeed, the judges of this district have consistently followed this analysis. *See, e.g.*, Jennings v. Univ. of New Mexico Hosp., CIV 10-1227 JP/LAM [Doc. 27]; Pugh v. City of Portales, CIV 91-1042 SC/LFG; Campos v. Chavez, CIV 91-1131 LH/RWM; Cling v. Valdez, CIV 94-0618 M/JHG; Kampa v. City of Albuquerque, CIV 96-1572 LFG/DJS , among others.

Based on the foregoing discussion, Quintana's intentional infliction of emotional distress against Defendant Board cannot survive.  Therefore, the Court dismisses the intentional infliction claim for failure to state a claim upon which relief can be granted.

    C.    Count V – *Res Ipsa Loquitur*

While Quintana sets out *res ipsa loquitur* as a separate cause of action in his complaint, this is improper and any such "claim" is subject to dismissal.  *Res ipsa loquitur* is a Latin phrase meaning "the thing speaks for itself."  Typically, it is a method of proving negligence by inference. It is not a substantive tort law.  Strong v. Shaw, 96 N.M. 281, 283 (Ct. App. 1980), *cert. quashed*,

96 N.M. 543 (1981). In Mireles v. Broderick, 113 N.M. 459, 461 (Ct. App. 1992), *rev'd on other grounds*, 117 N.M. 445 (1994), the New Mexico Court of Appeals explained:

> The doctrine of *res ipsa loquitur* has performed various functions. *See generally* W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 40 (5th ed. 1984). In some jurisdictions it creates a presumption or shifts the burden of proof. *See* Restatement (Second) of Torts § 328D cmt. m (1965). It has also served as a way station in the development of the substantive law, such as the law of common carriers, *see* William L. Prosser, "Res Ipsa Loquitur in California," 37 Cal.L.Rev. 183, 185-89 (1949), and the law of strict liability, *see* Louis L. Jaffe, "Res Ipsa Loquitur Vindicated," 1 Buff.L.Rev. 1, 12–13 (1951) [hereinafter Jaffe] (commenting on Escola v. Coca Cola Bottling Co., 24 Cal.2d 453, 150 P.2d 436 (1944), in which the majority rested liability of the manufacturer of an exploding bottle on res ipsa loquitur, while Justice Traynor concurred on an absolute liability theory). In New Mexico, however, *res ipsa loquitur* is simply "a rule of evidence." Strong v. Shaw, 96 N.M. 281, 283, 629 P.2d 784, 786 (Ct.App.1980). As stated by the reporter to the Restatement (Second) of Torts, "A *res ipsa loquitur* case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it." Restatement (Second) of Torts § 328D cmt. b at 157. *See* Tipton v. Texaco, Inc., 103 N.M. 689, 697, 712 P.2d 1351, 1359 (1985).

The Court concludes, for the above-stated reasons, that Quintana's allegations of *res ipsa loquitur* fail to state a claim upon which relief can be granted. Accordingly, the Court dismisses Count V, with prejudice.

## **Conclusion**

The Court finds that Defendants' partial motion to dismiss should be granted because Quintana, by failing to respond, consented to the Court granting Defendant's request. In addition, the Court grants the partial motion to dismiss on its merits because Quintana failed to state a claim upon which relief can be granted with respect to either claim of intentional infliction of emotional distress or *res ipsa loquitur.*

IT IS THEREFORE ORDERED that: Defendants' partial motion to dismiss [Doc. 6] is GRANTED, with the result that Count III (intentional infliction of emotional distress) and Count V (*res ipsa loquitur*) are dismissed, with prejudice for failure to state a claim.

                                                      *Lorenzo F. Garcia*
                                                      Lorenzo F. Garcia
                                                      United States Magistrate Judge